**Nganatatafu AHOLELEI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73684.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed June 22, 2007.

Dennis W. Jung, Esq., Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Margaret K. Taylor, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Nganatatafu Aholelei, a native and citizen of Tonga, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ's") oral decision denying Mr. Aholelei's application for deferral of removal under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). He argues, inter alia, that the BIA applied an incorrect legal standard for determining when government officials "acquiesce" in acts of torture under CAT. Since the BIA did apply an incorrect standard for acquiescence under CAT, and it is not clear whether the BIA relied on that incorrect standard in denying Mr. Aholelei's CAT petition, we grant Mr. Aholelei's petition for review and remand for further proceedings.

In affirming the IJ's denial of Mr. Aholelei's CAT claim, the BIA stated only:

We have reviewed the record and we agree [with the IJ] that the respondent failed to meet his burden of establishing a clear probability that he will be tortured by or with the acquiescence of a public official or other person acting in an official capacity upon his return to Tonga. See 8 C.F.R. §§ 1208.17(a) and 1208.18; Matter of Y–L–, A–G–, & R–S–R, 23 I & N Dec. 270 ([BIA] 2002); Matter of S–V–, 22 I & N Dec. 1306 (BIA 2000).

The BIA stated in Matter of Y–L– that "[t]he relevant inquiry [in determining whether there was "acquiescence"] under the Convention Against Torture . . . is whether governmental authorities would approve or 'willfully accept' atrocities committed against persons in the respondent's position." 23 I. & N. Dec. at 283; see also Matter of S–V–, 22 I. & N. Dec. at 1312 (setting forth "willful [ ] accept[ance]" standard). We overruled that standard in Zheng v. Ashcroft, 332 F.3d 1186 (9th Cir. 2003), and held that "[t]he correct inquiry . . . is whether a respondent can show that public officials demonstrate 'willful blindness' to the torture of their citizens by third parties, or . . . whether public officials 'would turn a blind eye to torture.'" Id. at 1196 (quoting Ontunez–Tursios v. Ashcroft, 303 F.3d 341, 355 (5th Cir.2002)). Because it is not clear whether the BIA relied on the disapproved acquiescence standard set forth in Matter of Y–L– and Matter of S–V– in rejecting Mr. Aholelei's CAT petition, we must remand to allow the BIA to reconsider the petition applying the standard announced in Zheng. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an agency for decision of a matter that statutes place primarily in agency hands.").

The Government argues that the BIA affirmed the IJ's decision in its entirety, and that the IJ's decision is adequately supported by the alternative and independent basis that the conduct of which Mr. Aholelei complains is insufficiently severe to constitute "torture" under CAT. However, the IJ's decision does not discuss severity or appear to rest on a finding that CAT's severity requirement is not satisfied. It also is unclear from the BIA's decision whether the BIA affirmed the IJ's decision solely on a finding of lack of acquiescence or whether the BIA agreed with the IJ's decision in its entirety, including a determination that the conduct did not amount to "torture" within the meaning of CAT.

**GRANTED AND REMANDED.**